### JAMES ALLEN *v.* THOMAS L. TERRY.

The prescription of one year, established by article 3499 of the Civil Code as to " retailers of provisions and liquors," is applicable only where supplies have been furnished for family use, and not to articles sold to shopkeepers.

APPEAL from the District Court of St. Tammany, *Jones*, J.

MARTIN, J.·  The plaintiff claims the value of goods, wares, and merchandize, and the amount of cash advances according to an account annexed to the petition.    The claim was resisted on the pleas of the general issue and prescription.    The defendant had a verdict and judgment, and the plaintiff appealed, after an unsuccessful attempt to obtain a new trial.    The testimony appears to us to preponderate in favor of the plaintiff, and we would not think ourselves authorized to disturb the verdict, if we did not presume it was given on the plea of prescription only.    The prescription relied on was that of one year, (Civil Code, art. 3499,) in regard to " *retailers of provisions and liquors.*"   We believe this article extends only to supplies made to families, and not to goods furnished to shopkeepers.   The account is for several barrels of whisky, several barrels and hampers of potatoes, two barrels of onions, three barrels of apples, etc. ; and it is in evidence

that the goods were intended for a store kept by the defendant in Madisonville, and it appears that he had not a family.

It is, therefore, ordered, that the judgment be annulled, and that the plaintiff recover from the defendant the sum of five hundred and fifty-one dollars and three cents, with legal interest from judicial demand until paid, and the costs in both courts.

*A. Hennen*, for the plaintiff.

*Penn*, for the defendant.