PICKETT, Judge.
This action was instituted by the plaintiff, Millard Clement, against the defendant Huey Guillott. For a cause of action the plaintiff alleged that the defendant was indebted unto him in the sum of $889.90 for goods and services purchased from him on February 26, 1967. The defendant filed a peremptory exception of the prescription of one year under the provisions of Article 3534 of the Louisiana Revised Civil Code. Thereafter, the plaintiff filed an amendment to his petition in which he alleged that the defendant was indebted to him as alleged in his original petition for beer, mixed drinks, soft drinks, rent, labor and other services furnished the defendant at his request. The trial court sustained the plea of prescription and dismissed the plaintiff’s suit at his cost. The plaintiff has appealed devolutively from the judgment of the district court. The sole issue to be determined is whether plaintiff’s cause of action has prescribed.
The defendant contends that the plaintiff is a retail liquor dealer who operates a tavern, and that under the provisions of Louisiana Civil Code Article 3534, the debt sued upon has prescribed and that the district court properly sustained the plea of *533 prescription of one year and dismissed plaintiff’s suit. On the other hand, the appellant contends that the goods and services supplied by him were furnished as a “caterer”, and that the liberative prescription of ten years, as provided by Louisiana Civil Code Article 3544, is applicable to the debt sued upon.
Louisiana Civil Code Article 3534, provides :
“The following actions are prescribed by one year:
That of justices of the peace and notaries, and persons performing their duties, as well as that of constables, for the fees and emoluments which are due to them in their official capacity.
That of masters and instructors in the arts and sciences, for lessons which they give by the month.
That of innkeepers and such others, on account of lodging and board which they furnish.
That of retailers of liquors, who sell ardent spirits in less quantities than one quart.
That of workmen, laborers and servants, for the payment of their wages.
That for the payment of the freight of ships and other vessels, the wages of the officers, sailors and others of the crew.
That for the supply of wood and other things necessary for the construction, equipment and provisioning of ships and other vessels.”
Louisiana Civil Code Article 3544, provides :
“In general, all personal actions, except those before enumerated, are prescribed by ten years.”
The narrative of facts discloses that the plaintiff operates a tavern known as Clement’s Bar and Lounge; and that on February 26, 1967, the defendant purchased goods and services from the plaintiff in the amount of $889.90. The defendant has failed to pay the plaintiff for the goods and services thus purchased. On the trial of the exceptions, the plaintiff explained that about one week before February 26, 1967, the defendant informed him that he intended to run for the office of Sheriff of Lafourche Parish; and that he would like to give a political party at the plaintiff’s lounge on February 26, 1967. The plaintiff agreed to the defendant’s request and provided the party. The plaintiff testified that Mr. Gulliott’s guests began arriving about the middle of the morning on February 26, 1967, and began eating barbeque and drinking. They stayed until about 8:00 or 9:00 o’clock that night. The plaintiff-appellant said the defendant stayed at the party all day, and did most of the cooking, but that about 6:00 P.M., he went home to get dressed to make his speech. However, he did not return. The plaintiff admitted that he has a retail liquor license, and that his principal occupation is the sale of alcoholic beverages by the drink.
A retail dealer is defined in LSA-R.S. 26:241, as follows:
“(9) ‘Retail dealer’ means every person who offers for sale, exposes for sale, has in his possession for sale or distribution, or sells alcoholic beverages in any quantity to persons other than licensed wholesale or retail dealers." (Emphasis supplied.)
The word “caterer” is defined in 14 C.J. S. p. 35 as follows: “one who furnishes everything needful for entertainment.
Club Caterer. One who.provides a banquet under contract with a club, distinguished from an innkeeper.”
In the instant case plaintiff-appellant furnished the bar, the waitresses, and drinks for a party, but he made no charges for food. In fact he admits that defendant did most of the cooking. In the absence of any allegation or evidence that he furnished food, we assume that he furnished only some of the things needful for the *534 party. The supplies furnished and the services rendered were in keeping with the usual business carried on by him. Counsel for the appellant in support of his contention that Louisiana Civil Code Article 3534 is not applicable to the instant case cited the case of Allen v. Terry, 4 Rob. 22 (1843) which, he contends indicates that the prescription of one year is not applicable to the instant case. The case relied upon by appellant was a suit to collect on an account “for several barrels of whiskey, several barrels and hampers of potatoes, two barrels of onions, three barrels of apples, etc.” The court in that case noted that the evidence showed that the goods were intended for a store kept by the attendant in Madinsonville. The court said: “We believe this article (Civil Code Article 3534, formerly 3499) extends only to supplies made to families, and not goods furnished to shop keepers.” It appears that the court in that case distinguished between supplies furnished for consumption by the purchaser and supplies sold for resale by the purchaser. In the case that we have under consideration, the supplies furnished by the plaintiff were for immediate consumption on the premises, and none were sold for the purpose of resale. Therefore, the plaintiff-appellant was in no sense in the category of a wholesaler selling merchandise for the purpose of resale, as was true in the case cited. The Appellant admits that he has a retail liquor license; and that his principal occupation is a retail liquor dealer. He is the owner and operator of a tavern or lounge, where liquor is sold by the drink. On the occasion that the account sued upon was incurred, the plaintiff’s employees were engaged in serving the guests. The plaintiff stated some of the guests served themselves; but the beverages were consumed at his lounge and on his premises. There is no allegation or evidence that defendant was either a licensed wholesale or retail dealer. The supplies furnished by appellant were not for resale, and the services rendered by his employees were in connection with the sale of items that he dispensed in the usual course of the business conducted by him. Therefore, we conclude that this action is for a debt incurred in the scope of appellant’s business as a retail liquor dealer, and that the prescription referred to in Louisiana Civil Code Article 3534 is applicable here.
Therefore, for the above and foregoing reasons, the judgment of the Trial Court is affirmed, all costs to be paid by plaintiff-appellant.
Affirmed.